# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1028V
Filed: August 9, 2019
UNPUBLISHED

| | |
|---|---|
| BARBARA SAKOVITS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## FINDINGS OF FACT[1]

**Dorsey**, Chief Special Master:

On July 31, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries caused by the influenza vaccination she received on October 24, 2014. Petition at ¶¶ 2, 13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain immediately upon vaccination.

### I. Relevant Procedural History

Following the September 26, 2017 initial status conference, the undersigned ordered petitioner to file a better vaccine record; any outstanding medical records, particularly those from later visits to her primary care provider ("PCP"); and a detailed affidavit addressing the onset of her pain, delay in seeking treatment, and lack of later PCP records. (ECF No. 8). Over the subsequent seven months, petitioner filed these documents.[3]

On June 19, 2018, respondent filed a status report indicating he intended to defend this case. (ECF No. 20). On July 20, 2018, he filed his Rule 4(c) report setting forth his objections. (ECF No. 22). Specifically, respondent argues that petitioner has not met the criteria for the Table injury of shoulder injury related to vaccine administration ("SIRVA") because she has failed to establish that her symptoms began within 48 hours after vaccination (*id.* at 3) and "has not provided evidence that satisfies her burden of proof under *Althen*[4] (*id.* at 5)." Petitioner was ordered to file additional evidence and a motion for a finding of fact regarding the issue of onset. (ECF No. 23).

A few months thereafter, petitioner filed her motion for a finding of fact. Motion for Fact Ruling in Regard to the Onset of Petitioner's Symptoms ("Pet. Motion"), Oct. 25, 2018 (ECF No. 27). On November 27, 2018, respondent filed a status report indicating that he wished to engage in settlement discussions. (ECF No. 29). After engaging in settlement discussions, on March 28, 2019, the parties informed the undersigned they had reached an impasse in their settlement discussions. (ECF No. 35). Two months later, respondent filed his response to petitioner's motion for a factual ruling. Respondent's Response to Petitioner's Motion for Onset Ruling ("Res. Response"), filed May 28, 2019 (ECF No. 29). Petitioner filed no reply.

### II. Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

---

[3] *See* Exhibit 7, filed Oct. 3, 2017 (ECF No. 8) (better vaccine record); Exhibit 8, filed Oct. 23, 2017 (ECF No. 9) (detailed affidavit); Exhibit 9, filed Apr. 20, 2018 (ECF No. 18) (updated PCP records).

[4] *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005) (setting forth the three-pronged test to establish causation in vaccine cases).

2

### III.   Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1).  A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period."  Vaccine Act § 13(b)(2).  "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table."  *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record.  Vaccine Act § 13(b)(1).  "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions.  With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events."  *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.   Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, testimony, expert reports, respondent's Rule 4 report, and additional evidence filed.  Specifically, the undersigned bases the finding on the following evidence:

- On October 24, 2014, petitioner received an influenza vaccination in her left deltoid.  Exhibit 7 at 1.

- On February 10, 2015, petitioner visited her PCP, Dr. Edward Prin, complaining of pain in her left shoulder since receiving the influenza vaccination four months ago.  Exhibit 2 at 9.  Dr. Prin assessed petitioner as suffering from probable impingement and diagnosed rotator cuff syndrome (NOS).[5]  Exhibit 2 at 10.

- Petitioner's medical records from her PCP from three years prior to vaccination show that she sought medical care on the following four occasions:

    - October 4, 2011, for a sore throat (*id.* at 21);

---

[5] NOS is a common medical abbreviation for "not otherwise specified."  MEDICAL ABBREVIATIONS: 32,000 CONVENIENCES AT THE EXPENSE OF COMMUNICATION AND SAFETY (15th ed. 2011) at 230.

3

- o   November 22, 2013, for an annual physical (*id.* at 18);
- o   March 11, 2014, for a cat scratch (*id.* at 15); and
- o   October 9, 2014, for shortness of breath (*id.* at 12).

These medical records provide evidence showing petitioner rarely sought medical treatment from her PCP.

- On February 13, 2015, petitioner was seen, after a referral from Dr. Prin, by an orthopedist, Dr. Oscar Vazquez, at Active Orthopedics and Sports Medicine, LLC.  Exhibit 3 at 21.  Indicating that her left shoulder was still bothering her after four months, petitioner expressed her concern that her pain was due to the influenza vaccination she received in October.  *Id.*

- On June 8, 2015, petitioner underwent a left shoulder MRI.  *Id.* at 25.  The medical record containing the results of that MRI indicate petitioner was suffering "[p]rogressive shoulder pain following flu vaccination 11/2014."  *Id.*

- It appears that petitioner attended physical therapy ("PT") from May 11 through June 11, 2015, without significant progress.  *Id.* at 40.  She underwent an evaluation for a second period of PT on July 21, 2015.  *Id.* at 42.  At that visit, she reported an injury date of "10/2014" which was caused by the flu shot she received.  *Id.*  Although petitioner described her onset as gradual, she indicated she had experienced "pain and limited mobility," since that injection.  *Id.*

- When petitioner sought a second opinion from another orthopedist, Dr. Stephen Silver, on September 8, 2015, she indicated her pain began immediately after vaccination.  Exhibit 4 at 1.  She added "that she never had a problem with [her] left shoulder until 10 months ago in 10/2014 when she got a flu shot."  *Id.*  While stating that she initially had pain but good movement, petitioner indicated that her shoulder "progressively got stiffer and froze up on her."  *Id.*

- In her two affidavits, petitioner indicates that her pain began the same day, immediately upon vaccination.  Exhibit 8, filed Oct. 23, 2017, at ¶ 3 (ECF No. 10-1); Exhibit 10, Oct. 28, 2018, at ¶ 3 (ECF No. 25-2).  In his affidavit, her husband indicates petitioner complained of her pain and swelling on the evening of vaccination.  Exhibit 11, filed Oct. 28, 2018, at ¶ 4 (ECF No. 25-3).

The above medical entries show that petitioner consistently connected her left shoulder injury to the influenza vaccination she had received.  Despite one notation stating petitioner received this vaccination in November 2014, she reported a date of vaccination in October 2014 on all other occasions.  When providing the duration of her injury and/or pain, petitioner gave a time period which coincides with the correct date of vaccination.  Regarding the onset of her pain, petitioner described it as occurring the same day as vaccination, often indicating that it was upon vaccination.

4

**As such, the undersigned finds preponderant evidence that petitioner's manifestation of onset after vaccine administration occurred within 48 hours.**

### V. Scheduling Order

Given the undersigned's finding of fact regarding the onset of petitioner's pain, the parties should resume their settlement discussions. Moreover, respondent should evaluate his current position regarding the merits of petitioner's case.

**The parties shall file a joint status report indicating their preferred next step(s) in the case by no than <u>Tuesday, September 10, 2019</u>.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master